IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JOHN STEPHEN PARISIE                                                PETITIONER

VS.                              CIVIL ACTION NO. 3:04-CV-357-WHB-JCS

EARNEST LEE, ET AL                                                 RESPONDENTS

---

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

### I.  Procedural History

John Stephen Parisie was convicted by a jury of armed robbery, aggravated assault of a law enforcement officer, and possession of a firearm, after a trial on August 20 & 21, 2001, in the Circuit Court of Rankin County, Mississippi.  He was sentenced on August 31, 2001, to serve a term of life imprisonment as a habitual offender, without reduction or suspension or eligibility for parole or probation, in the custody of the Mississippi Department of Corrections.

Parisie appealed his judgment of conviction and sentence to the Mississippi Supreme Court, assigning as error the following grounds:

> A.  Once the court, at Defendant's request, elected to issue an order granting law library access to the defendant, did the court create a reasonable expectation of law library access being protected by due process and equal protection which, when later access was arbitrarily denied, were Defendant's state and federal constitutional rights sufficiently undermined so as to warrant reversal of Defendant's convictions?
>
> B.  Did the State's failure to comply with Defendant's discovery requests pursuant to Brady v. Maryland, 373 U.S. 83 (1963) deny Defendant any opportunity for a fair and impartial trial?

C.   The trial court erred in not dismissing the
indictments against Defendant as fatally defective.

D.   The trial court erred when it impermissibly amended
Count II under indictment 13169 charging armed
robbery and Count III under indictment 13169
charging aggravated assault on a law enforcement
officer.

E.   The trial court erred in not dismissing all armed
robbery indictments against Defendant for failing
to try Defendant during the term in which the
indictments were returned.

F.   The trial court erred in denying Defendant's Motion
for Continuance.

G.   The trial court erred in allowing a weapon to be
introduced into evidence over objection, absent any
showing by the state of a proper chain of custody.

H.   The trial court erred in charging the jury that
unexplained flight is a circumstance from which
guilty knowledge may be inferred.

I.   The trial court committed reversible error when it
denied Defendant's Motion for a Directed Verdict
and the verdict of the jury was against the
overwhelming weight of the evidence.

On December 17, 2002, the Mississippi Court of Appeals
affirmed Petitioner's judgment of conviction and sentence in a
written opinion.  Parisie v. State, 848 So.2d 880 (Miss. App.
2002), rehearing denied, February 18, 2003, cert. denied, June 26,
2003 (Cause No. 2001-KA-01432-COA).

Thereafter, on January 24, 2004, Parisie filed an "Application
to Proceed In Forma Pauperis in the Courts of the State of
Mississippi," in the Mississippi Supreme Court, Cause No. 2004-350.
He filed a formal Motion for Post-Conviction Collateral Relief on
February 23, 2004, alleging the same grounds as on direct appeal,
but adding the additional ground:

Was Petitioner rendered the ineffective assistance of
counsel both when he was denied court ordered library
access and denied court ordered discovery, and did the
court err in not ordering a psychiatric examination of
Petitioner before allowing him to proceed pro se when
presented with evidence of Petitioner's psychiatric
history in violation of the state and federal
constitutions and contrary to law?

By Order filed March 24, 2004, the Mississippi Supreme Court

denied the petition, holding as follows:

. . . Parisie claims that his attorney was ineffective.
The panel finds that Parisie elected to represent himself
but was assisted by an attorney at trial.  The panel
finds that Parisie has not shown that he was deprived of
effective assistance of counsel and that that issue is
without merit.  The panel further finds that the other
claims raised in the application either were raised at
trial and on direct appeal or were capable of being
raised then and that those claims are therefore barred.
Miss. Code Ann. § 99-39-21(1).  Notwithstanding the
procedural bar, the panel finds that those claims are
without merit.  The panel therefore finds that the
application should be denied.

Exhibit D to Respondents' Answer.[1]

On May 22, 2004, Petitioner filed his Petition for Writ of

Habeas Corpus in this Court, assigning the same grounds as those

contained in his direct appeal and in his post-conviction motion.

The issues are paraphrased as follows:

1.   Did the failure to provide law library
     access violate the Constitution?

2.   Were there Brady violations?

3.   Were the armed robbery and aggravated
     assault indictments fatally defective?

4.   Were the indictments impermissibly
     amended?

_____

[1]All references to exhibits are to those contained in the
Respondents' Answer.

5.     Did the trial court err by denying Petitioner's motion for a continuance?

6.     Did the trial court err by allowing a weapon to be introduced into evidence?

7.     Did the trial court err in granting a jury instruction regarding "unexplained flight"?

8.     Did the trial court receive ineffective assistance of counsel when he was denied access to law library and court ordered discovery? And, did the trial court err in allowing Petitioner to proceed pro se when presented with his psychiatric history?

9.     Was the verdict supported by substantial evidence, as required by the U. S. Constitution?

The Respondents assert that the applicable portions of the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"], Pub. L. 104-132, 110 Stat. 12144, prevent this court from granting relief based upon Parisie's petition.

## II.   **Standard of Review**

The instant case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), contained in 28 U.S.C. 2254(d) (2002).   The applicable provision provides as follows:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or *involved an unreasonable application of, clearly established Federal law*, as determined by the Supreme Court of the United States; or

4

> (2) resulted in a decision that was based on an
> unreasonable determination of the facts in light of the
> evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added).

Under AEDPA, where the state court adjudicated the petitioner's claim on the merits, this Court reviews questions of fact under § 2254(d)(2), while questions of law or mixed questions of law and fact are reviewed under § 2254(d)(1). Factual findings are presumed to be correct, and the Court defers to the state court's decision regarding factual determinations unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."   Hill v. Johnson, 210 F.3d 481, 485 (5th Cir. 2000); § 2254(d)(2). The Court independently reviews questions of law and mixed questions of law and fact to determine whether the state court's decision thereon was either "contrary to" or an "unreasonable application of" federal law. Williams v. Taylor, 529 U.S. 362, 403-408 (2000); Hill, 210 F.3d at 485.

The first step in this inquiry is to determine what federal law should be applied to the state court's decision. Williams, 529 U.S. at 404. The determinations of the state courts must be tested against "clearly established Federal law, as determined by the Supreme Court of the United States." Id.; § 2254(d)(1). Next, this Court must determine whether the state court's decision was "contrary to" that established Federal law. The proper standard is an **objective** one, not subjective. Id. at 408-409. The term "unreasonable" was distinguished from "erroneous" or "incorrect";

thus, a state court's incorrect application of the law may be permitted to stand if it was, nonetheless, "reasonable."

A summary of the AEDPA law is that ultimately, "[t]o prevail on a petition for writ of habeas corpus, a petitioner must demonstrate that the state court proceeding 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" Robertson v. Cockrell, 325 F.3d 243, 247-48 (5th Cir. 2003) (en banc) (quoting 28 U.S.C. § 2254(d)(1) (2000)). The courts have no authority to grant habeas corpus relief simply because "we conclude, in our independent judgment, that a state supreme court's application of [federal] law is erroneous or incorrect." Catalan v. Cockrell, 315 F.3d 491, 493 (5th Cir. 2002) (citation and quotation omitted).

### III.  **Facts**

On November 15, 2000, Parisie walked into an auto parts store in Pearl, approached the service counter, and demanded money.  He held a handgun, and the employees handed him a bag of money containing $175.  He then left the store and walked to the parking lot of an adjacent store and left in a truck.  The store manager followed him and got the license plate number of Parisie's truck.

The license information was reported to the police.  A Rankin County Sheriff's Department deputy, Scott Walters, saw Parisie's truck and attempted to pull him over.  He refused to stop, sped away, and Deputy Walters began chasing him.  When Parisie made a

6

sharp turn into an elementary school parking lot, Walters witnessed him raise a gun as if to fire at him.  The deputy accelerated his vehicle, ramming Parisie's truck.  Both vehicles spun from the impact and came to rest alongside one another.  According to Walters, Parisie shouted obscene threats, and each of them attempted to pull his weapon.  When other law enforcement arrived, Parisie took off again, speeding in excess of 100 miles per hour on the interstate westbound towards Jackson.

A roadblock was set up at the next exit, and Parisie's truck veered off the road 500 yards before the roadblock.  He jumped from his vehicle and proceeded on foot.  The officers chased him.  Parisie turned and fired his weapon at Sergeant Timothy Sarrett, who was in his marked vehicle.  Sergeant Sarrett was not hit because he ducked as the bullet struck his hood below the windshield.  Parisie again fled, and police gunfire hit him in the arm and leg.  Parisie was then subdued and arrested.

Walters charged that Parisie muttered obscenities to him and stated that he "should have known better than to commit a robbery in Rankin County."  R. Vol. 3, p. 155.

Parisie chose to represent himself at trial, although attorney Dan Duggan, and the other public defenders in the county, were appointed to advise the Petitioner during the proceedings.  R. Vol. 1 Supplement, pp. 6-9.  Parisie's direct appeal was filed by attorney John W. Chapman, "appointed legal advisor" to Parisie, although Parisie apparently prepared the briefs.

## IV.  <u>Discussion of Assigned Errors</u>

<u>**and the Applicable Law**</u>

**A.  Errors regarding state law (Grounds 3–7)**

Parisie's contentions in Grounds 3–7 generally raise claims regarding Mississippi law, and these do not rise to the level of constitutional violations.  Further, the Court of Appeals considered and rejected these assertions on the merits.  Unless Parisie can show that the court's decision was an **unreasonable application of clearly established federal law,** no habeas relief can be granted.  We find that the state court violated no federal law in rejecting these contentions.

For example, Parisie contends that the indictments were defective and were impermissibly amended.  He charges that the indictment for armed robbery failed to track the statutory language because it used the word "handgun" rather than "deadly weapon." Parisie contends that the judge impermissibly tried to amend the indictment to correct this "error."  The state courts rejected this contention, finding that the indictments properly set forth the elements of the crimes charged, and that "deadly weapon" and "handgun" were interchangeable.

The sufficiency of a state indictment is not a matter for federal habeas corpus relief unless it can be shown that the indictment is so defective that the convicting court had no jurisdiction.  <u>Alexander v. McCotter</u>, 775 F.2d 595, 598 (5th Cir. 1985) (<i>citing</i> <u>Liner v. Phelps</u>, 731 F.2d 1201, 1202 (5th Cir. 1984). Such is not the situation in Parisie's case.  Furthermore, if the question of the sufficiency of the indictment is presented to the

highest state court of appeals, then consideration of the question is foreclosed in federal habeas corpus proceedings.  <u>Liner</u>, 731 F.2d at 1203.  *See also*, <u>Morlett v. Lynaugh</u>, 851 F.2d 1521, 1523 (5th Cir. 1988), *cert. denied*, 489 U.S. 1086 (1989) (if question of sufficiency of indictment is presented to highest state court, then the question is foreclosed from federal habeas review).  Parisie presented all of his claims regarding his indictment to the Mississippi Court of Appeals in his direct appeal and to the Mississippi Supreme Court in his motion for post-conviction relief, and the courts found that the claims to be without merit.  As such, under <u>Liner v. Phelps</u>, this Court is precluded from re-reviewing these claims regarding the jury instructions.

Ground 5 involves the failure to grant Parisie a continuance. He requested the continuance because he was not granted full access to the law library and because not all of the discovery he requested was provided.  The Mississippi Court of Appeals rejected this alleged error, citing <u>Wilson v. State</u>, 716 So.2d 1096, 1097 (Miss. 1998), and holding that granting or denying a continuance was within the sound discretion of the trial court.

In order for a denial of a continuance to form the basis of habeas relief, it must have been so arbitrarily and fundamentally unfair so as to violate the constitutional principles of due process.  Even if it is shown that the trial court **did abuse its discretion**, a habeas petitioner must also show that there is a **reasonable probability that the verdict might have been different had the continuance been granted**.  <u>Schrader v. Whitley</u>, 904 F.2d

282, 288 (5th Cir. 1990)(<u>quoting</u> <u>Hicks v. Wainwright</u>, 633 F.2d 1146,
1148 (5th Cir. Unit B., 1981) (<u>emphasis added</u>).

Parisie has not and cannot show that he would have been found
innocent had he been granted a continuance.  The trial court heard
his argument at a motion hearing on the day of trial and denied
relief based on the merits of his contentions.  More time in the
law library on his part would not have affected the verdict, nor
would the production of more discovery regarding the past behavior
of the arresting officers.  His conviction was based upon the
evidence against him, which was substantial.  A continuance would
not have changed the verdict, and the state courts violated no
federal law by in reviewing the claim.

In Ground 6, Parisie contends that the handgun should not have
been admitted into evidence.  This is a mere evidentiary matter
which is ordinarily not a basis for habeas relief.  A federal court
in a habeas corpus petition reviewing state evidentiary rulings
does not sit as a super state supreme court to review error under
state law.   <u>Bridge v. Lynaugh</u>, 838 F.2d 770 (5th Cir. 1988).

As a general rule, admissibility of evidence is a matter of
state law, and only a contention that the admission of the evidence
rendered the trial fundamentally unfair or violated a specific
constitutional right will be considered in a federal collateral
proceeding.  <u>Edwards v. Butler</u>, 882 F.2d 160, 164 (5th Cir. 1989);
<u>Johnson v. Blackburn</u>, 778 F.2d 1044, 1050 (5th Cir. 1985), <u>citing</u>
<u>Myer v. Estelle</u>, 621 F.2d 769, 771 (5th Cir. 1980).  An evidentiary
error in a state trial does not justify federal habeas corpus

relief unless it is of such magnitude as to constitute a denial of fundamental fairness under the Due Process Clause.  Bridge, 838 F.2d at 772; Porretto v. Stalder, 834 F.2d 461, 465 (5th Cir. 1987); Lowenfield v. Phelps, 817 F.2d 285, 296 (5th Cir. 1987).

The undersigned finds that the admission of the handgun was not error and did not render the Petitioner's trial fundamentally unfair so as to violate the Due Process Clause.   The gun which was discovered near the Petitioner when he was captured was offered by the State at the trial.   The court asked Parisie if he had an objection, and he initially replied that he did not.  R. Vol. 2, p. 147.  After the court admitted the gun, Parisie then objected.  R. Vol. 2, pp. 147-48.   Parisie contends that the gun's "chain of custody" was not proven.  On the contrary, the court found that the officer who found the gun testified, and it was not necessary that every person involved in handling the gun afterwards testify.  The gun remained at the Pearl Police Department thereafter, and the court found that there was no reason to suspect it had been tampered with or otherwise altered.   The appellate courts upheld this ruling, and we find no federal cases which would render the decision to be incorrect or unreasonable.

In Ground No. 7, Parisie contends that the "unexplained flight" instruction granted by the trial court violated his due process rights.  The instruction allowed the jury to consider the fact that Parisie fled from the police in considering his guilt or innocence.  The Court of Appeals held that such an instruction is appropriate where "the defendant's flight (1) is unexplained and

(2) where the circumstances of that flight has considerable probative value." 848 So.2d at 887, citing Austin v. State, 784 So.2d 186, 194 (Miss. 2001).  The trial court properly applied this test in allowing the instruction, according to the appellate court. Id.

The Court of Appeals' decision is based upon state law, and no federal constitutional issue is implied.  Generally, challenges to jury instructions may not form a basis for federal habeas corpus relief.  Gilmore v. Taylor, 113 S.Ct. 2112, 2118-19 (1993).  Flight alone has been found insufficient to support a guilty verdict, but evidence of flight is both relevant and admissible.  Elizalde v. Dretke, 362 F.3d 323, 327 (5th Cir. 2004).  Accordingly, Parisie's due process rights were not violated.

### B. Were Parisie's Rights Under Brady v. Maryland Violated (Ground 2)

As Ground 2, Parisie generally contends that the State violated Brady v. Maryland, 373 U.S. 83 (1963), by failing to provide information regarding excessive force claims against the officers involved in the incident as well as video records from participating officers' vehicles.  According to Parisie's theory, the officers fired on him without threat or provocation, and the gun recovered near his side at his arrest was "planted" by one of the officers.

The Mississippi Court of Appeals applied the Brady case and the materiality standard set forth in United States v. Agurs, 427 U.S. 97, 114 (1976) to these claims.  It concluded that any

violation was not *material* because neither the excessive force
records or the videos would have raised a reasonable doubt about
Parisie's guilt.   <u>Id.</u>   The court also noted that Parisie was
allowed to view one police video of the events.

It would certainly have been preferable had Parisie been given
access to all of this discovery.  He raised the issues prior to
trial, and the court directed that subpoenas issue for the local
television tapes, and that some excessive force records be granted.
Vol. Supp. 1, pp. 10-16.  There is no indication that the State
purposely withheld any information.   The prosecuting attorney
informed the court that she had no access to all of the officers'
use of force records.   And, there is certainly no indication that
these materials would have been exculpatory.

Generally, this Court cannot re-review these claims of Parisie
on the merits.  Our review is of the Mississippi Court of Appeals'
decision: was it an unreasonable application of <u>Brady</u> and its
progeny?  We find the decision was reasonable and correct, and we
find no federal cases which would require a different holding.   No
habeas relief may be granted on this issue.

### C.   <u>Did Failure to Provide Law Library Access</u><br><u>Violate Parisie's Right to Counsel?   (Grounds 1 & 8)</u><br><u>Did Parisie Knowingly and Voluntarily Waive</u><br><u>His Right to Counsel?   (Ground 8)</u>

Parisie contends that he did not receive effective assistance
of counsel because he did not receive full access to the law
library and because he did not receive his court ordered discovery
as discussed above.  Further, Parisie contends that the trial court

erred by **allowing** him to proceed pro se when he had a "psychiatric history."

Parisie requested ten hours of law library access per week after he was granted the right to proceed pro se.  The court ordered that he be given five hours.  Vol. Supp. 1, pp. 17-18. Apparently, the Sheriff refused to honor the Order because he considered Parisie to be an escape risk, apparently due to his past conviction for escape.  Id.  Parisie told the court that he was granted those five hours on only one occasion, May 9, 2001, and was not allowed any additional library time thereafter.  The court responded to Parisie's complaints as follows:

> THE COURT: Well, all I can tell you, Mr. Parisie, is I ordered it.  It's up to the Sheriff to honor that order, and the order is in place, and the Sheriff told me that he considered you an escape risk, and, you know, I can't – I don't know what to do about it.

R. Supp. V. 1, p. 17.

Prisoners clearly have a constitutionally protected right of access to the courts.  Lewis v. Casey, 518 U.S. 343, 350 (1996), citing Bounds v. Smith, 430 U.S. 817 (1977).  However, the Mississippi Court of Appeals applied the case of Degrate v. Godwin, 84 F.3d 768, 769 (5th Cir. 1996), in rejecting Parisie's claim.  The court in Degrate held that access to a law library is not a fundamental constitutional right afforded to criminal defendants: they are entitled to *either* access to the courts to prepare and file meaningful legal documents *or* adequate assistance from persons legally trained.  Id. At 769.  Because Parisie was appointed the public defender to assist him prior to trial, whether or not he

14

utilized that help, Parisie was provided access to counsel and to
the courts.    The Mississippi Court of Appeals concluded that
Parisie's rights under <u>Bounds</u> were not violated.

We have reviewed the state court's decision and find it does
not unreasonably apply clearly established federal law on this
issue, the <u>Bounds</u> case and its progeny.    Accordingly, no habeas
relief may be granted regarding the law library issue.

The state courts found that Parisie's waiver of counsel was
knowing and voluntary.    The Sixth Amendment secures to a criminal
defendant who faces incarceration the right to counsel at all
"critical stages" of the criminal process.    <u>See</u>, <i>e.g.</i>, <u>Maine v.</u>
<u>Moulton</u>, 474 U.S. 159, 170 (1985); <u>United States v. Wade</u>, 388 U.S.
218, 224 (1967).    A person may choose to forgo representation,
however, as the Constitution "does not force a lawyer upon a
defendant." <u>Iowa v. Tovar</u>, 541 U.S. 77, 87–88 (2004), <u>citing</u> <u>Adams</u>
<u>v. United States ex rel. McCann</u>, 317 U.S. 269, 279 (1942); <u>Faretta</u>
<u>v. California</u>, 422 U.S. 806, 895 (1975).    As with constitutional
waivers generally, a waiver of this right must be a "knowing,
intelligent act done with sufficient awareness of the relevant
circumstances." <u>Brady v. United States</u>, 397 U.S. 742, 748 (1970).

A waiver of counsel is intelligent when the defendant "knows
what he is doing and his choice is made with eyes open." <u>Iowa</u>, 541
U.S. at 88, <u>citing</u> <u>Adams</u>, 317 U.S. at 279.    The Constitution has no
prescribed formula or script required to be read to a defendant who
chooses to proceed without counsel; each case is reviewed on a
fact-specific basis.    The information a defendant must have to

15

waive counsel intelligently will "depend, in each case, upon the particular facts and circumstances surrounding that case." Id. at 92, citing Johnson v. Zerbst, 304 U.S. 458, 464 (1938).

The Fifth Circuit has instructed that the defendant's age, education, and other background be considered, as well as his experience and conduct. McQueen v. Blackburn, 755 F.2d 1174, 1177 (5th Cir.) cert. denied, 474 U.S. 852 (1985). The waiver must not be the result of coercion or mistreatment, and the court must be satisfied that the accused understands the nature of the charges, the consequences of the proceedings and the practical meaning of the right being waived. Id., citations omitted.

In this case, there is no question about the fact that Parisie was not coerced or mistreated to obtain a waiver of counsel. He consistently insisted on representing himself, although the court quizzed him thoroughly about this decision and warned him about the dangers of doing so. At a motion hearing conducted on March 8, 2001, the court accepted his decision but appointed public defenders in order that Parisie would have someone to "consult" with during the proceedings. R. Supp. V. 1, p. 4. Parisie stated the following when questioned about having an attorney appointed:

> I may – you know, I've got a feeling that I would like to consult with an attorney as far as some procedures and the format of certain motions go, but if I can't have him for that narrow specific purpose, then I will do without.

R. Supp. V. 1, p. 4.

The court again discussed his decision prior to the commencement of the trial on August 20, 2001, and Parisie still

16

chose to proceed pro se.  R. Vol. 2, pp. 6-7.  Attorney Dan Duggan assisted Parisie for the entire trial, however.

Parisie is experienced with the legal system, having previously been convicted of crimes.  He obviously understands the process and the consequences of a trial and sentencing due to his experience.  His briefs are thorough and extensive and indicate that he is well versed in the law and educated enough to present the law to this Court.  He ably performed in his trial and he refused to accept appointed counsel.

In <u>Iowa</u>, the Supreme Court clearly stated that "in a collateral attack on an uncounseled conviction, it is the defendant's burden to prove that he did **not** competently and intelligently **waive** his **right** to the assistance of counsel."  541 U.S. 92.  The Petitioner has failed to meet this burden.  Parisie has not "articulated with precision" the additional information counsel could have provided, "given the simplicity of the charge." <u>Id.</u> at 93, citing <u>Patterson v. Illinois</u>, 487 U.S. 285, 294 (1988). He does not articulate what prejudice to him occurred due to not being represented by counsel at trial or at the sentencing.  His performance was adequate, and he does not state what **should have been done** which would have caused him to be acquitted.

Parisie apparently is charging that he did not provide himself with adequate representation due to his mental health.  He claims that the court should have ordered a psychiatric examination before allowing to proceed pro se, although he did not request an exam. He refers to the case of <u>Parisie v. Greer</u>, 671 F.2d 1011, 1016 (7th

Cir. 1982), wherein he was referred to as a "highly delusional paranoid schizophrenic." This case was written in 1982, and there is nothing in the record which confirms that the trial court was even aware of this case. The state courts rejected Parisie's contentions regarding his mental competency, and Parisie has not provided sufficient evidence to undermine the state's decision that he was competent to stand trial and to represent himself.

The Petitioner also contends that he was ineffective as his own counsel because of his failure to receive the discovery ordered by the State. As long as his waiver of counsel was valid, he cannot claim that his pro se representation was "ineffective assistance of counsel. Furthermore, the trial court appointed Parisie standby counsel, although a defendant has no constitutional right to standby counsel when he waives his right to counsel. He cannot claim that standby counsel was constitutionally ineffective, as that attorney is not in control and is without the authority to act. United States v. Morrison, 153 F.3d 34, 55 (2nd Cir. 1998)(without a constitutional right to standby counsel, a defendant is not entitled to relief for the ineffectiveness of standby counsel); United States v. Schmidt, 105 F.3d 82 (2nd Cir. 1997)(defendant has no right to hybrid counsel, hence cannot prove standby counsel was ineffective). Standby counsel's role is one of an "observer, an attorney who attends the proceeding and who may offer advice, but who does not speak for the defendant or bear responsibility for his defense." Childress v. Johnson, 103 F.3d 1221 (5th Cir. 1997) citing United States v. Taylor, 933 F.2d 307

(5th Cir.), <u>cert. denied</u>, 502 U.S. 883 (1991).  No habeas relief may be granted regarding these claims of the Petitioner.

### D.  <u>Was Parisie's Conviction Supported by Constitutionally Sufficient Evidence?   (Ground 9)</u>

Parisie contends his conviction was against the overwhelming weight of the evidence.  This is not a cognizable claim for habeas review.   "A federal habeas court has no power to grant habeas corpus relief because it finds that the state conviction is against the 'weight of the evidence. ...'"  <u>Young v. Kemp</u>, 760 F.2d 1097, 1105 (11th Cir. 1985).   We further find that there was constitutionally sufficient evidence to support the jury's verdict under <u>Jackson v. Virginia</u>, 443 U.S. 307 (1979).  In <u>Jackson v. Virginia</u>, the Supreme Court set forth the appropriate standard for reviewing sufficiency of evidence claims in collateral attacks upon state criminal convictions as follows:

> The applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt.

<u>Id</u>. at 324; <u>United States v. Fortenberry</u>, 914 F.2d 671, 674 (5th Cir. 1990); <u>Schrader v. Whitley</u>, 904 F.2d 282, 284 (5th Cir. 1990).  The evidence is considered in the light most favorable to the prosecution.  <u>Story v. Collins</u>, 920 F.2d 1247, 1255 (5th Cir. 1991).  "The evidence need not exclude every reasonable hypothesis of innocence, however, and a jury may choose any reasonable construction of the evidence."  <u>Story</u>, 920 F.2d at 1255.

After a complete and thorough review of the trial testimony, the undersigned concludes that any rational juror could have found the Petitioner guilty beyond a reasonable doubt.  The evidence is entirely sufficient to support the verdict under the <u>Jackson v. Virginia</u> standard.  The evidence against the Petitioner included the testimony of numerous eyewitnesses, including the store employees and the policemen at the scene of the crimes.  The Petitioner presented only his cross-examination of the State's witnesses and did not testify on his own behalf.  The gist of his defense was that the policemen used excessive force in arresting him and that they simply shot him without provocation and planted a gun near him.  This evidence was not entirely relevant to his guilt or innocence and was obviously rejected by the jury.

It is well-settled that a federal court may not substitute its own judgment regarding the credibility of witnesses for that of the state courts.  <u>Marter v. Blackburn</u>, 777 F.2d 1007, 1012 (5th Cir. 1985); <u>Dunn v. Maggio</u>, 712 F.2d 998, 1001 (5th Cir. 1983).  The state courts applied clearly established federal law in reviewing the evidence, the standard set forth in <u>Jackson v. Virginia</u>.  The state courts properly applied the standard, and no habeas relief can be granted in regard to the evidence.

## V.  <u>Conclusion</u>

We have thoroughly reviewed both the trial record and the appellate record regarding Parisie's conviction for armed robbery, aggravated assault of a law enforcement officer, and possession of a firearm.  His trial was conducted in a fair manner, and he was

allowed to call any witnesses to all motion hearings and to the trial. We find no errors which have permeated these proceedings so as to render his trial unfair in a constitutional sense. No habeas relief may be granted under the circumstances of his case.

It is therefore the recommendation of the undersigned United States Magistrate Judge that the petition of John Stephen Parisie be dismissed with prejudice and that a Final Judgment in favor of the Respondents be entered.

The parties are notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. §§636, <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 5th day of April, 2006.

S/ James C. Sumner
UNITED STATES MAGISTRATE JUDGE